UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERTO E. PULIDO,

  Plaintiff,

v.

CITY OF BOSTON, et al.,

  Defendants.

C.A. No. 10-11986-JLT

MEMORANDUM AND ORDER

February 24, 2011

TAURO, J.

  For the reasons stated below, the Court denies (1) grants the plaintiff's motion to amend the complaint; (2) denies as moot the motion for an extension of time to file a motion to proceed in forma pauperis; (3) denies as moot the motion to proceed in forma pauperis; and (4) directs the plaintiff to show cause why this action should not be dismissed

**Background**

  On November 5, 2010, Roberto E. Pulido, who is incarcerated at FCI Elkton, filed a self-prepared civil rights complaint and a motion for leave to proceed in forma pauperis. On December 28, 2010, the Court denied without prejudice the motion for leave to proceed in forma pauperis. On January 26, 2011, he paid the $350.00 filing fee.

  On February 7, 2011, Pulido moved to have additional time to file a motion for leave to proceed in forma pauperis (#5) in regards to "any additional fees associated with this civil action." On February 14, 2011, he filed a motion for leave to proceed in forma pauperis (#7). On February 11, 2011, he filed a motion to amend the complaint (#6) by substituting pages 5 and 13-15 of the original complaint with new pages.

The Court briefly summarizes the allegations of the original complaint and proposed amendments to the complaint. The Court also draws upon public records concerning Pulidos' criminal conviction.[1]

Pulido is a former Boston police who, in 2007, pled guilty in federal court to drug and firearm charges. See United States v. Pulido, 566 F.3d 52 (1st Cir. 2009). In the present action, Pulido brings suit against the City of Boston, its mayor, various authorities of the Boston Police Department, and the United States. Pulido seeks to hold his former superiors liable for the criminal prosecution against him and his current incarceration. He alleges that, had the defendants properly disciplined him for job performance problems (stemming from personal and substance abuse problems), his misconduct would have been curtailed and even remedied. Instead, his superiors let the problems continue to the point where he committed criminal conduct that resulted in a sentence of 26 years. The plaintiff, who represents that he is Hispanic, alleges that black and white police officers who were unfit for duty were placed on administrative leave, whereas Pulido was allowed to continue in his misconduct and became the target of a sting operation. Pulido alleges that his right to procedural due process was violated, resulting in loss of liberty, loss of property, and loss of consortium.

## Discussion

**I.  Motion to Amend**

Because, at this stage of the litigation, Pulido may amend the complaint once as a matter of right, see Fed. R. Civ. P. 15(a)(1), the Court grants the motion to amend.

---

[1] See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that courts may take judicial notice of proceedings in other relevant cases).

**II.     Screening of the Complaint**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. See 28 U.S.C. § 1915A (a).  This statute authorizes federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

Pulido's has failed to state a claim for relief because his federal claims are barred by the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983[2] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  Id. at 487.  The holding of Heck

---

[2]Claims for violations of federal rights by state actors must be brought under 42 U.S.C. § 1983.  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.")  This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

also applies to claims under the Federal Tort Claims Act. See Dare v. United States, 264 F.3d Appx. 183, 185 (3d Cir. 2008).[3]

Here, a judgment in favor of Pulido would imply the invalidity of his conviction for which he is currently serving a sentence. Pulido has not, and it appears that he cannot at this time, allege that his conviction has been reversed or otherwise invalidated. Therefore, he has failed to state a claim for relief under federal law. To the extent that he has stated a claim for relief under state law, the Court declines to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

**Conclusion**

Accordingly:

1. The motion to amend (#6) is GRANTED. The Clerk shall docket the proposed amended complaint, together with pages 1-4 and 6-12 of the original complaint, as the amended complaint.

2. The motions for an extension of time (#5) and for leave to proceed in forma pauperis (#7) are DENIED AS MOOT.

3. Pulido is directed to show cause, within 42 days of the date of this memorandum and order, show cause why this action should not be dismissed for the reasons stated above. Failure to timely comply with this directive will result in dismissal of the action.

IT IS SO ORDERED.

| 2/24/11 | /s/ Joseph L. Tauro |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |

---

[3] Pulido references the Federal Tort Claims Act in his jurisdictional allegations. See Prop. Amend. Compl. ¶ 2-3.